IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAURIE WOOD, Plaintiff, | ) | 4:11CV3019 |
| v. | ) | |
| KHAN HOTELS LLC, Defendant. | ) | MEMORANDUM AND ORDER |

The defendant has moved for an order:

-- compelling the plaintiff to immediately serve complete, comprehensible, and verified answers to the defendant's Interrogatories, and complete responses (without objections) to defendant's Requests for Production of Documents;

-- awarding the defendant the attorneys' fees it incurred in bringing this motion to compel; and

-- stating that should full discovery responses and fees not be timely tendered as ordered, the lawsuit will be dismissed with prejudice for lack of prosecution.

(Filing No. 30).

The discovery at issue was served on the plaintiff on November 3, 2011, (see filing no. 22), and responses were therefore due on December 6, 2011. As of December 19, 2011, the defendant had not received discovery responses. After conferring with plaintiff's counsel, the deadline was extended to December 23, 2011. At the plaintiff's request, the discovery deadline was continued to December 29, 2011, then December 30, 2011. The discovery was actually served, by email, on January 3, 2012. Defense counsel believed the discovery responses were inadequate, incomplete and incomprehensible, and he raised these concerns to plaintiff's counsel. Prior to the filing of defendant's motion to compel, the plaintiff did not further communicate with defense counsel about the discovery issues, did not supplement or clarify her prior responses, and did not sign authorization forms to permit

the defendant to secure documents referenced in the plaintiff's discovery responses. See filing no. 32-1 (affidavit of defense counsel).

After reviewing the plaintiff's discovery responses, the court finds the following interrogatory responses are inadequate and incoherent:

> INTERROGATORY NO.6: Please identify the parties involved in the wire fraud action identified in your complaint and describe the nature of such fraud action.
> INTERROGATORY NO.7: Please provide the name, address, and telephone number of each person (other than attorneys) with whom you have communicated or discussed your claims in this litigation.
>
> RESPONSE (to both interrogatories 6 and 7): No extreme Discussions. some close friends and family members know I have a federal case where I was extremely discriminated against in Lincoln for non-usual reasons that pays Large in settlement.
>
> INTERROGATORY NO.9: Please identify any other individual(s) that you believe was subjected to discrimination, harassment, and/or retaliation by Khan and describe in detail the events that you believe evidence such discrimination, harassment, and/or retaliation.
>
> RESPONSE: Laurie Wood, Dustina Putman, Sue Balain, these ladies were forced to quit by mentally forcing them out and mistreating them in non-usual ways, many others as well.
>
> INTERROGATORY NO. 10: Identify those documents you intend to offer at a trial of this matter.
>
> RESPONSE: All asked for in this contract, witness documents that the management was forced to do it by, Witnesses: Laurie Wood, Tami Rice, Calvin Roberts, maybe other will agree to witness.

The following interrogatory responses are incomplete for lack of specificity:

INTERROGATORY NO. 12: Please identify each legal proceeding in which you have been involved as a party over the last ten (l0) years, including but not limited to, lawsuits, administrative proceedings (including but not limited to bankruptcies and any charges of discrimination or harassment), unemployment proceedings, or criminal proceedings, and identify the outcome of the legal proceeding (settlement, jury verdict, conviction, etc,).

RESPONSE: May have access to my legal records.

The following responses are incomplete because neither the requested records nor the signed authorizations were provided:

REQUEST NO.1: Produce copies of all documents identified by Plaintiff in response to any of Defendant's First Set of interrogatories to Plaintiff, which were served contemporaneously with these Requests for Production.

RESPONSE: May have authorization.

REQUEST NO.2: Signed authorizations for the release of employment records and unemployment records (all of which are attached hereto).

RESPONSE: May have authorization.

REQUEST NO.3: All documents that you submitted to or received from the Equal Employment Opportunity Commission, the Nebraska Equal Opportunity Commission, or any other governmental entity regarding your employment with Khan.

RESPONSE; May have authorization, Right to Sue letter amended copies of case, Original Copy of NEOC, original copy in Chapin File.

REQUEST NO. 8: Produce copies of all documents that refer to or relate to your attempts to obtain unemployment compensation after separating your employment with Khan.

RESPONSE: Tax Returns since 2008, Workforce, records for 2008, May have authorization.

REQUEST NO. 44: Provide copies of your annual credit reports from Equifax, Experian and Transunion. Please note that these are available without a fee from https://www.annualcreditreport.conilcralindex.jsp.

RESPONSE: May access.

REQUEST NO. 45: Provide copies of all financial statements for financial accounts in which you are or have been a sole or joint owner since January 2006.

RESPONSE: May access, Wells Fargo, Kearney, NE and Minden Exchange Bank, Minden NE, and Primerica, Kearney NE.

REQUEST NO. 46: Provide copies of all credit card statements for which you have or had full or partial responsibility since January 2006.

RESPONSE: Have cards, might have to contact them, #9 in rules didn't keep receipts, Credit Card Corp might have accurate does on complete credit card history of each card.

REQUEST NO. 47: Provide copies of all financial statements pertaining to all loans on which you are or were the sale borrower or a co-borrower since January 2006.

RESPONSE: May access student loans.

REQUEST NO. 49: Provide copies of all documents supporting your contention that Ann Jones helped married people and people belonging to Ms. Jones' church.

RESPONSE: May access documents witness Tami Rice, 176 East Lawn, Kearney, NE, "will additionally state that all problems there are because owners let management cause them".

REQUEST NO. 50: Provide copies of all documents supporting your contention that Defendant required everyone over 35 to quit.

RESPONSE: May access employee records, released from work for various reasons, (actually Iffitar wanted younger employees) against our work contracts and seniority.

REQUEST NO. 52: Provide copies of all documents supporting your contention that Plaintiffs performance was "above satisfactory."

RESPONSE: May access documents that annual periodical raise reviews, and records that laundry was clocked by Amy Andersen.

REQUEST NO. 54: Provide copies of all documents intended to be offered at a trial of this matter.

RESPONSE: May access any lawyer that thinks its important to prove case or judge or Laurie Wood.

REQUEST NO. 55: Provide either (1) full and complete electronic copies of the Plaintiffs Facebook, My Space, Twitter, or other social media accounts or (2) Plaintiffs complete login and subscriber information for any such account (e.g., user name, password, associated email address, etc.). To the extent Plaintiff does not opt to simply provide login information, please note that on Facebook, for example, one may download a copy of all Facebook data relating to an account by accessing "Account Settings" (see picture below).

RESPONSE: May access if any exists.

The remainder of the plaintiff's responses to the document production requests include vague description of documents that were not produced, and as to the vast majority of the documents which were produced, the content is indecipherable and appears to be irrelevant.[1]

[1]Documents regarding plaintiff's claim that she was a good employee (Requests 11 and 12); her marriage license to R. Wood, her "daughter's record of Live birth," paychecks, and medical prescriptions (Request 34); the "paternity record" of her son's birth (Request 36); and her 2008 tax return (Request 41) were provided after the motion to compel was filed. But this supplemental document production does not fully respond to the defendant's document production requests.

Under the Federal Rules of Civil Procedure, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." F.R.C.P 37(a)(3). Despite the defendant's efforts to elicit a complete and coherent response, the plaintiff's discovery responses are inadequate and violate the Federal Rules for Civil Procedure. As stated by defendant's counsel:

> After several requests and reminders, and waiting almost one month past their due date, [Plaintiff's discovery responses] were shockingly deficient. Given the grammar, wording, and indecipherable nature of much of Plaintiff's Discovery responses, they simply could not be the work product of Plaintiff's counsel, but assuredly are the direct, unintelligible thoughts of the Plaintiff. Because Ms. Wood is represented by able counsel, however, Plaintiff simply must do better in responding fully to straightforward and critical written discovery requests.

Filing No. 31, pp. 3-4. Even as supplemented in response to the motion to compel, the discovery responses remain deficient.

Pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure a motion to compel is granted:

> [T]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). However, attorney fees and costs shall not be awarded if: 1) the moving party failed to attempt in good faith to obtain the discovery without filing a motion, 2) the opposing party's failure to timely respond was substantially justified, or 3) other circumstances make an award of expenses unjust.

The defendant raised the issue of attorney fees in its motion, and the plaintiff has been afforded an opportunity to respond to that request. After reviewing the evidence, the court finds that the defendant made substantial good faith efforts to obtain discovery responses without filing a motion, the plaintiff's failure to timely and fully respond was not substantially justified, and there are no circumstances justifying a failure to award fees and expenses on defendant's motion to compel.

Accordingly,

IT IS ORDERED that Defendant's motion to compel and request for sanctions, (filing no. 30), is granted as follows:

1) On or before April 6, 2012:

   (A) The plaintiff shall serve complete and comprehensible answers to the defendant's Interrogatories, and plaintiff shall sign and attest under oath that all information responsive to the interrogatories has been disclosed.

   (B) The plaintiff shall serve documents (without objections) which fully and completely respond to defendant's Requests for Production of Documents, and this document production response shall be signed by plaintiff along with a statement verifying under oath that all responsive documents within plaintiff's possession, control or access have been disclosed and produced; and

   (C) The plaintiff shall provide fully executed releases to obtain defendant's requested discovery.

2) The defendant's motion for sanctions is granted, and

   (A) On or before April 6, 2012, defendant's counsel shall provide to plaintiff an itemized statement of defendant's fees and expenses related to filing its motion to compel.

(B) The parties shall attempt in good faith to reach an agreement regarding the amount to be awarded by the court under Rule 37(a). If no agreement can be reached, defendant's counsel shall submit an application for fees to this court within 30 days of this order for the court's resolution of this issue.

3) The plaintiff is hereby notified that if she fails to timely and fully respond to defendant's discovery, this lawsuit may be dismissed with prejudice for want of prosecution.

DATED this 22nd day of March, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.