IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURIE WOOD,<br><br>      Plaintiff,<br><br>vs.<br><br>KHAN HOTELS LLC,<br><br>      Defendant. | 4:11-CV-3019<br><br>ORDER |

  This matter is before the Court on the Defendant's Motion for Attorney's Fees (filing 70). The defendant seeks attorney fees pursuant to 28 U.S.C. § 1927, which provides that

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

  Sanctions are warranted under § 1927 when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court. *EEOC v. Trans States Airlines, Inc.*, 462 F.3d 987, 996 (8th Cir. 2006); *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999). The Court may require counsel to personally satisfy those attorney fees. *Clark v. United Parcel Serv.*, 460 F.3d 1004, 1011 (8th Cir. 2006). Because § 1927 is penal in nature, it should be strictly construed so that it does not dampen the legitimate zeal of an attorney in representing his client. *L.B. Sales,* 177 F.3d at 718. The imposition of sanctions is a serious matter and should be approached with circumspection. *Id.*

  And the Court must enter findings of fact in ruling on a motion for sanctions. *Id.* Findings ensure that the sanctions address the excess costs resulting from the misconduct, provide the sanctioned party an adequate opportunity to respond, and facilitate meaningful appellate review. *Id.* A sanctioning court must make an effort to isolate the additional costs and fees incurred by reason of conduct that violated § 1927. *Lee v. First Lenders Ins.*

*Servs., Inc.,* 236 F.3d 443, 446 (8th Cir. 2001). But the task is inherently difficult, and precision is not required. *Id.*

The Court finds that sanctions are warranted here. In its Memorandum and Order (filing 68) of October 26, 2012, dismissing the plaintiff's complaint, the Court stated that

> [t]he record as a whole establishes, beyond any reasonable dispute, that the plaintiff's claims are grounded at best in speculation and gossip, and often far less than that. . . .
>
> . . . Given the circumstances of this case, the Court finds it difficult to imagine that the plaintiff's counsel did not know, even at the time the plaintiff's complaint was filed, that most of her claims were spurious. But it was certainly apparent in her replies to the defendant's interrogatories (which were signed by the plaintiff's counsel) and at the plaintiff's deposition, which the plaintiff's counsel attended.

Filing 68 at 12-13. The Court's opinion has not changed since summary judgment. The Court, mindful of its duty to strictly construe § 1927, see *L.B. Sales,* 177 F.3d at 718, gives the plaintiff's counsel the benefit of every doubt. But the Court has no doubt that after the plaintiff's deposition, the plaintiff's counsel continued to litigate with intentional or reckless disregard of his duty to the Court. *See Trans States Airlines,* 462 F.3d at 996. He effectively admitted as much to opposing counsel in his attempt to settle the case. Filing 77-1 at 7. The Court is not unsympathetic to the position plaintiff's counsel was in. Most litigators have, at one time or another, taken a case that turns out not to have been as meritorious as it might have initially appeared. But bad breaks are inevitable, and a lawyer is not permitted to use "zealous advocacy" as an excuse to inflict his own bad luck on his opponent.

The Court, therefore, finds that the point at which these proceedings were "unreasonably and vexatiously" multiplied was after the plaintiff's extraordinary deposition. The Court finds it appropriate to tax the plaintiff's counsel with excess costs, expenses, and attorney fees reasonably incurred after that point.[1] In making that determination, the Court considers the hours reasonably spent on the work performed, and counsel's reasonable

---

[1] It is also noteworthy that attorney fees relating to interrogatories were already charged to the plaintiff by the United States Magistrate Judge as a discovery sanction, payable by either the plaintiff or her counsel. *See* filings 53 and 57. So, the defendant has already recovered some attorney fees relating to the pre-deposition conduct of plaintiff's counsel.

hourly rate. *See Farmers Coop. v. Senske & Son Transfer Co.*, 572 F.3d 492, 500 (8th Cir. 2009). And the Court may adjust that amount based upon the particular circumstances of the case. *Id.*

The defendant's index in support of the motion for attorney fees does not permit the Court to precisely determine which fees were attributable to litigation before the deposition and which were incurred after the deposition (primarily with respect to the summary judgment motion).[2] The Court also notes that the defendant's counsel is an Omaha law firm, but that the case was to be tried in Lincoln. Filing 1 at 1. It is the Court's experience that hourly rates are slightly more modest in Lincoln, and the relevant community for determining hourly rates is the place where the case is tried. *Farmers Coop.*, 572 F.3d at 500.

The Court calculates the reasonably incurred attorney fees as follows:

| Counsel | Reasonable number of hours for work | Reasonable hourly rate | Total |
|---|---:|---:|---:|
| Joshua Dickenson (partner) | 12 hrs. | $240 | $2,880 |
| Lara Pabst (associate) | 25 hrs. | $195 | $4,875 |
| Judith Heiserman (paralegal) | 10 hrs. | $90 | $900 |
| Total | | | $8,655 |

Accordingly, pursuant to § 1927, the Court awards attorney fees in the amount of $8,655, to be satisfied personally by the plaintiff's counsel.

The defendant has also moved for expenses in the amount of $2,182.20, for expenses incurred with respect to the plaintiff's deposition: a transcript fee and video recording of the deposition. Filing 75. As explained above, the Court's award under § 1927 is limited to proceedings after the deposition. So, the deposition expenses themselves will not be taxed personally to the plaintiff's counsel. The transcript fee is a cost taxable to the losing party under Fed. R. Civ. P. 54(d)(1). *See 168th and Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007). A video recording of the deposition, however, is taxable only if it is used at trial, which obviously did not happen in this case, and the video recording that was apparently made was not used to support the defendant's summary judgment motion. It is, therefore, not taxable under the Court's Bill of Costs Handbook. *See, id.* at 3; NECivR 54.1; *see also 168th and Dodge*, 501 F.3d at 958. The transcript fee has already been charged to the plaintiff by the Clerk of the Court. *See* filing 80. Therefore, no further award of costs or expenses is warranted.

---

[2] The Court's task might have been simpler—and the fee award larger—had defendant's counsel considered the fee application guidelines set forth in NECivR 54.4.

- 4 -

IT IS ORDERED:

1. The defendant is awarded attorney fees in the amount of $8,655, to be satisfied personally by the plaintiff's counsel.

Dated this 3rd day of May, 2013.

                              BY THE COURT:

                              */s/ John M. Gerrard*

                              John M. Gerrard
                              United States District Judge