IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURIE WOOD,<br><br>      Plaintiff,<br><br>vs.<br><br>KHAN HOTELS LLC,<br><br>      Defendant. | 4:11-CV-3019<br><br>ORDER |

  This matter is before the Court on the "Motion to Reconsider and or Clarification" (filing 86) filed by Robert Wm. Chapin, the plaintiff's former counsel. Chapin asks the Court to reconsider its order of May 3, 2013 (filing 81), awarding attorney fees to the defendant to be satisfied personally by Chapin. The Court will deny Chapin's motion.

  Chapin's brief states that he "brings this motion and brief as a way to determine what steps he could have taken in order to avoid any sanctions." Filing 87. Chapin points out that ethically, he could not have dismissed the case without his client's authorization. Filing 87. Chapin asks the Court to advise him on what he could have done "other than withdrawing which in fact may serve the attorney but does not serve the Court, opposing counsel or the client." Filing 87. The Court interprets Chapin's filing, to the extent that it is a motion to reconsider, as arguing that the Court should reconsider imposing sanctions because Chapin, as the plaintiff's counsel, had no option other than to do what his client demanded.

  But his option, as he implicitly recognizes, was to move to withdraw from representing the plaintiff. A lawyer may not ethically bring or defend a proceeding, or assert or controvert an issue in a proceeding, unless there is a basis in law and fact for doing so that is not frivolous. *See, e.g.,* Neb. Ct. R. of Prof. Cond. § 3-503.1. And a lawyer must withdraw from representing a client when, among other things, the representation will result in a violation of the Rules of Professional Conduct or other law (such as Fed. R. Civ. P. 11 or 28 U.S.C. § 1927). *See, e.g.,* Neb. Ct. R. of Prof. Cond. § 3-501.16(a)(1). A lawyer may also withdraw from representing a client when the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement, if the representation has been rendered unreasonably difficult by the client, or if other good cause for withdrawal exists. *See, e.g.,* § 3-501.16(b).

And based upon those well-established ethical duties, state and federal courts have repeatedly concluded that when a client asks a lawyer to pursue a frivolous claim, the lawyer must advise the client that the claim is baseless, and if the client nonetheless insists on proceeding, the lawyer must withdraw from the representation rather than violate ethical and practice standards by prosecuting a non-meritorious claim. *See, e.g., Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1327 n.31 (11th Cir. 2002); *Cargile v. Viacom Int'l., Inc.*, 282 F. Supp. 2d 1316, 1320-21 (N.D. Fla. 2003); *Baker v. Am. Juice*, No. 2:93cv262, 1994 WL 750614, at *1-2 (N.D. Ind. Aug. 9, 1994); *Sherman v. Optical Imaging Sys., Inc.*, 843 F. Supp. 1168, 1183 (E.D. Mich. 1994); *In re Martinez*, 393 B.R. 27, 33-37 (Bankr. D. Nev. 2008); *In re Robinson*, 373 B.R. 612, 629 (Bankr. E.D. Ark. 2007); *Lumsden v. Sec'y of the Dep't of Health and Human Servs.*, No. 97-0588V, 2012 WL 1357504, at *2-3 (Fed. Cl. Mar. 29, 2012); *In re Dennis*, 188 P.3d 1, 18 (Kan. 2008); *In re Nalls*, 926 So. 2d 491, 492 (La. 2006); *People v. Forsyth*, 292 P.3d 1248, 1253-1255 (Colo. Disc. 2012); *Brunswick v. Statewide Grievance Comm.*, No. HHDCV054010799, 2006 WL 895007, at *6 (Conn. Super. Mar. 22, 2006); s*ee also Parfi Holding AB v. Mirror Image Internet, Inc.*, No. Civ. A. 18507, 2006 WL 903578, at *1 (Del. Ch. Apr. 3, 2006); *cf. In re TCI Ltd.*, 769 F.2d 441, 446-50 (7th Cir. 1985). An attorney has a duty to exercise independent professional judgment, and should not be an unreflecting conduit through which the opinions or desires of a client are permitted to flow unchecked. *Thomas*, 293 F.3d at 1327. Rather, the attorney must stand his or her ground and refuse to act in a manner that flies in the face of the relevant ethics rules. *Id.* at 1327-28. When lawyers yield to the temptation to file baseless pleadings to appease clients, they must understand that their adversary's fees become a cost of *their* business. *In re TCI Ltd.*, 769 F.2d at 446. Litigation must be grounded in an objectively reasonable view of the facts and the law, and if it is not, the lawyer who proceeds recklessly—not his innocent adversaries—must foot the bill. *Id.* at 450.

The Court recognizes the concern that a lawyer's withdrawal from representing an unreasonable client may do more harm than good. The appropriate course of conduct for a lawyer, however, is to move for withdrawal. The lawyer will then have discharged his or her ethical obligations and duty as an officer of the court, and the Court can decide whether requiring the lawyer to continue representation would be better for everyone. But that is not what happened here. Chapin's duty to the Court was clear under the applicable practice standards, as explained in the Court's previous order (filing 81), and Chapin failed to live up to those standards in this case. The Court declines to reconsider its award of attorney fees.

IT IS ORDERED:

1. Chapin's "Motion to Reconsider and or Clarification" (filing 86) is denied.

Dated this 16th day of May, 2013.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge